

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-27-2008

# USA v. Donton

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1326

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Donton" (2008). *2008 Decisions*. Paper 1516.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1516

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 07-1326

UNITED STATES OF AMERICA

v.

SCOTT K DONTON,
                                        Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
Criminal No. 05-cr-00416
District Judge: The Honorable Edwin M. Kosik

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 15, 2008

Before: SLOVITER AND SMITH, *Circuit Judges*,
and DIAMOND, *District Judge**

(Filed: February 27, 2008)

OPINION

DIAMOND, *District Judge*.

---

*The Honorable Gustave Diamond, Senior District Judge for the Western District
of Pennsylvania, sitting by designation.

1

Scott K Donton was convicted by a jury on both counts of a superseding indictment charging him with receipt of child pornography and possession of child pornography in violation of 18 U.S.C. §§2252A(a)(2)(B) and 2252A(a)(5)(B).  He subsequently was sentenced by the District Court to concurrent terms of 60 months' imprisonment.  Donton appeals only his conviction arguing insufficiency of the evidence. For the reasons set forth below, we will affirm.

Because we write only for the parties we need only summarize the evidence presented at trial, with which both parties are familiar.   After Donton's name appeared on business records seized during the execution of a search warrant at the offices of an internet business offering child pornography online, a sting operation was initiated whereby an undercover business based in Maryland sent Donton a form letter containing a checklist of sexual interests.  Donton completed the form with his name, signature, mailing address, and e-mail address, and checked numerous boxes indicating his interest in, *inter alia*, child pornography.  He mailed the completed form to the Maryland address.

Upon receipt of Donton's completed form, agents sent Donton a second mailing offering for sale various videotapes depicting child pornography.  Donton responded to this mailing by completing an order form for four videotapes, all of which were described in the mailing as featuring pre-teenage children engaged in sexual activity.  Donton signed the form, included his correct mailing address and e-mail address, enclosed a signed money order in the amount of $85, and mailed it.

After receiving Donton's order form, agents arranged a controlled delivery to

2

Donton's residence of the four ordered videotapes containing child pornography that had been seized in prior investigations. Donton's regular postal carrier delivered the package and Donton signed two receipts for it. Shortly thereafter, agents converged on Donton's residence to execute a search warrant. Donton had already taken one video from the package and had begun to play it by the time the agents arrived. Child pornography also was discovered on a computer seized during the execution of the search warrant. While the search was in progress, Donton admitted that he had received the initial mailing and completed the form inquiring as to his sexual interests and that he had completed and sent in the order form and money order for the four videotapes, but indicated that he thought it was "some kind of joke." He further admitted that he had used his credit card to access internet sites that might contain child pornography.

At trial, Donton denied that the signature on the order forms or money order was his. He suggested that his postal carrier forced him to sign for the package and that he was unaware of what was on the tapes. As to his admissions, he stated that he only told the agents "what they wanted to hear" so they would leave his home. Donton also attempted to deflect blame for the child pornography found on the computer onto others in the residence who he testified had greater access to that computer, including his brother, with whom he had an ongoing feud. Donton's father also testified that his sons did not get along.

We have appellate jurisdiction in this case under 28 U.S.C. §1291. While our review of the sufficiency of the evidence is plenary, we must "view the evidence in the

3

light most favorable to the government, and will sustain the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Leahy*, 445 F.3d 634, 657 (3d Cir. 2006) (citation omitted). "'[A] claim of insufficiency of the evidence places a very heavy burden on the appellant,'" *id.*, a burden Donton clearly has failed to meet here. Rather, the evidence in this case as outlined above, viewed in the light most favorable to the government, was more than sufficient to sustain the jury's guilty verdict on both counts as any rational trier of fact could have found Donton guilty beyond a reasonable doubt of all the elements of both receipt and possession of child pornography[3] based upon that evidence.

On appeal, Donton contends that his own trial testimony, along with that of his father, as well as the absence from the record of other evidence which he suggests the government neglected to proffer, was sufficient to cast doubt upon the credibility of the government's witnesses and to create a reasonable doubt as to Donton's guilt. However, it is not for us to weigh the evidence or to determine the credibility of the witnesses. *United States v. Dent*, 149 F.3d, 180 187 (3d Cir. 1998). Instead, we look solely to the evidence presented and view that evidence in the light most favorable to the government.

---

[3] The offense of receipt of child pornography requires proof that a defendant "knowingly receives . . . any material that contains child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer." 18 U.S.C. §2252A(a)(2)(B). The offense of possession of child pornography requires proof that a defendant "knowingly possesses any . . . material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer . . . ." 18 U.S.C. §2252A(a)(5)(B).

Because that evidence was sufficient for any rational trier of fact to find Donton guilty beyond a reasonable doubt on both counts with which he was charged, the jury's verdict must be sustained.

Accordingly, we will affirm the judgment of the District Court.